**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**RICHARD LEE STAR,**

    **Petitioner,**

**vs.**                                          **Cause No.  1:10-cv-1046 MV/DJS**

**BILLY MASSINGILL, Warden,**
**Regional Correctional Center,**

    **Respondent.**

## ORDER SUSTAINING ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on its Order to Show Cause [Doc. 9], Petitioner's Response to Order to Show Cause [Doc. 13], and Respondent Billy Massingill's Reply to Petitioner's Response to Order to Show Cause [Doc. 14].  For the reasons stated below, the Court concludes Petitioner has failed to show cause why Warden Massingill should not be dismissed from this lawsuit, and the "Governor, Pueblo of Kewa or Official, Kewa Pueblo Tribal Court (formerly known as the Pueblo of Santo Domingo)" substituted as the sole named Respondent.  The Order to Show Cause is therefore **SUSTAINED.**

Petitioner concedes that he was released from Massingill's custody on November 16, 2010, but claims that the dismissal of Massingill nevertheless would "impact his ability to protect and preserve his rights and hinder his ability to obtain a full and fair remedy...." [Doc. 13 at 1.]  He further asserts that Massingill "may be implicated in at least one of the claims currently pending before the court." [Id. at 2.]

Petitioner's statements are conclusory; he has failed to offer any explanation as to how his alleged right to obtain habeas relief will be impaired or prejudiced if Massingill is dismissed, nor has he specified which of his claims implicates Massingill.  A review of the Petition reveals there

are no allegations against Massingill, other than a statement that he headed the private jail facility to which Petitioner was transported on October 8, 2009. [Doc. 1, ¶ 16.]

Warden Massingill was the proper respondent when Petitioner was incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that in cases involving present physical confinement, the proper respondent is the warden of the facility where the prisoner is being held). Since filing his Petition, however, Petitioner has been released and is no longer in the present physical custody of Warden Massingill, or of any other person. The proper respondent in such cases is "someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996) (quoting *Reimnitz v State's Attorney of Cook County*, 761 F.2d 405, 408–09 (7th Cir. 1985)). Warden Massingill does not meet this definition.

In this case, Petitioner attacks the actions of tribal officials who he claims violated various of his constitutional and civil rights in connection with criminal proceedings in Tribal Court. [Doc. 1 at 5–9.] Though Petitioner's allegations are leveled at the "Indian Tribe," the tribe itself is not a proper respondent. *Poodry*, 85 F.3d at 899 (holding that "[b]ecause a petition for writ of habeas corpus is not properly a suit against the sovereign, the [tribe] is simply not a proper respondent"). Furthermore, whom the Petitioner has named as respondents and served is irrelevant. In a habeas case, the clerk of court is responsible for service and a "respondent is not required to answer the petition unless a judge so orders." 28 U.S.C. § 2254 R. 1(b), 4, 5(a). The "custodian" and proper respondent is the official who has an interest in opposing the Petition and also the power to grant Petitioner what he seeks.

IT IS THEREFORE ORDERED that the Order to Show Cause is sustained;

IT IS FURTHER ORDERED that the Clerk shall substitute "Governor, Pueblo of Kewa or Official, Kewa Pueblo Tribal Court (formerly known as the Pueblo of Santo Domingo)" as the sole named Respondent in place of Billy Massingill, Warden, Regional Correctional Center.

_____
**DON J. SVET**
**United States Magistrate Judge**